## 25197. STARGEL v. THE STATE.

Decided November 2, 1935.

*Walter W. McEver,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.

Guerry, J. The defendant was convicted of the forgery of a check in the name of W. T. Martin. The check was as follows:

"Gainesville, Ga. June 8, 1935.

"The First National Bank. Pay to the order of Joe Clark $6.50. Six and 50/100 dollars.

"Counter Check. W. T. Martin."

His victim was Mrs. F. P. Harben. She operated a second-hand clothes store. She testified on the trial that defendant came into her store on the night alleged in the indictment, and she cashed the check for him after he had represented himself to be, and had indorsed the check, "Joe Clark." She did not know him and had never seen him before. Mr. Martin testified that he did not execute the check. Horace Stargel, a younger brother of defendant and a confessed professional forger, testified that he forged the check, and that he presented it to Mrs. Harben after purchasing a pair of pants and a hat, and that his brother had nothing to do with it. Whether Mrs. Harben was mistaken in the identity of defendant as the one who passed the check, was the main issue in the trial. Two other witnesses attempted to establish an alibi for defendant. The State introduced the deputy sheriff, who testified that he took Mrs. Harben to the jail and brought Horace Stargel (the younger brother of defendant) out and she said he was not the one who cashed the check, and Horace replied that he had never seen Mrs. Harben before.

The defendant filed an extraordinary motion for new trial. The only ground is "newly discovered evidence." This is based on the affidavit of Tom Allison, that he bought from Horace Stargel a hat which Horace told him he bought from Mrs. Harben and was the hat Mrs. Harben sold to the person who cashed the check at her store. Also the affidavit of Clyde Standridge, which set out substantially the same facts sworn to by Allison, except that he bought the pants purchased from Mrs. Harben. Also, the affidavit of Josie Mae Stargel that she saw Horace Stargel in possession of the cap and the pants on the night of June 8, and Horace told her he had just bought them from Mrs. Harben.

We do not think the judge abused his discretion in denying the motion for new trial. The rule relating to newly discovered evidence as a ground for new trial is so well stated in the Code, and has been so many times the subject of discussion in our reports, that a general discussion of it is unnecessary here. We point out briefly the reason for our judgment. The evidence of the three new witnesses is entirely cumulative of the testimony of Horace Stargel upon the trial. This renders it objectionable as a ground for new trial. It does not appear that because of the new evidence a different verdict would probably result on a second trial, or that

any sense of justice demands a retrial of the case. Furthermore, it appears that the defendant and his counsel could, with the exercise of even the slightest diligence, have discovered the "new" evidence at or before the time of the trial. Horace Stargel is a brother of the defendant. He admitted on the trial that he was in possession of the cap and the pants, and a simple question as to what he had done with them would have brought to light the new witnesses and their testimony.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*